OPINION OF THE COURT
Jerome C. Gorski, J.
This motion comes before this court by way of plaintiffs’ motion for an order directing defendants to respond to their discovery requests. The defendants have each cross-moved for a protective order relating to plaintiffs’ requested discovery and an order compelling plaintiffs to answer propounded interrogatories and provide updated medical authorizations.
The instant lawsuit is one for negligence, medical malpractice, and breach of contract as it relates to the transfusion of blood to plaintiff during coronary by-pass surgery at Buffalo General Hospital on March 4, 1987. The blood is alleged to have been infected with hepatitis-B causing physical injury to plaintiff.
Plaintiffs served disclosure demands on defendant, Buffalo General Hospital, on December 20, 1989, requesting all information relating to claims and/or similar incidents involving the transmissions of hepatitis through transfusion at Buffalo General Hospital, both before and after the incident herein. Buffalo General Hospital responded with records for two years before the transfusion and six months after the plaintiff was diagnosed with hepatitis-B. Plaintiffs request information relating to similar incidents for the 10 years before the instant transfusion and continue to the present date. Initially, this court orders defendant, Buffalo General Hospital, to provide plaintiffs with records of similar incidents for the period of five years prior to the transfusion of the plaintiff herein through the period of six months after the positive hepatitis-B test by plaintiff. Should these records indicate to the plaintiffs a need for further discovery of these documents, the plaintiffs may request same at that time.
The plaintiffs also requested documents relating to blood *915 usage reviews performed by the medical staff at Buffalo General Hospital from 1985 through 1988. Buffalo General Hospital provided only copies of transfusion committee meetings from May 3, 1985 through September 12, 1986. The plaintiff first learned that he had contracted hepatitis-B in October 1987. Plaintiff believes that his transfusion was discussed at the transfusion committee meeting in 1987 and 1988. Buffalo General Hospital refuses to provide the minutes of such meeting. Buffalo General Hospital claims that such minutes and any information collected at those meetings are exempt from disclosure pursuant to Public Health Law § 2805-m (1) and (2). Records and information generated by hospitals as part of a quality assurance program are exempt from disclosure pursuant to Public Health Law § 2805-m and there is no indication in the moving papers that this is anything but a quality assurance program which is exempt from disclosure. The defendant Buffalo General Hospital’s motion for a protective order on that basis is thereby granted.
With regard to the defendant, American National Red Cross and the Greater Buffalo Chapter of the American Red Cross (hereinafter Red Cross), plaintiffs requested the names, addresses, and all records of the donors whose blood or blood products were transfused to plaintiff. In the alternative, plaintiff wishes to anonymously depose such donors or prepare a set of interrogatories to the donors to be answered anonymously. Defendant alleges that the questioning of the donors is not relevant at present since plaintiffs have not shown that the Red Cross could have done anything to prevent plaintiff’s contraction of hepatitis-B virus. Copies of all blood screening tests of all 16 donors have been sent to plaintiffs. Defendant’s employee, Robert Rratzel, finds them to all be within acceptable limits. Defendant’s employee, Rratzel, personally reviewed the blood donation records taken at the time of the donations and he concludes that no information contained therein would lead the Red Cross to believe that any of the donors might be infected with hepatitis-B. Defendant’s employee also states that none of the donors have ever tested positive for hepatitis-B and is of the opinion that all donors were questioned properly prior to donating blood and all blood tests were properly conducted.
Defendant relies on 10 NYCRR 58-2.10, which prohibits the Red Cross from providing the identity of donors to a third person without the donor’s consent.
In Borzillieri v American Natl. Red Cross (139 FRD 284 *916 [1991]), the United States District Court, Western District of New York, interpreted the Public Health Law and its promulgated rules and regulations, as stated above, to allow discovery procedures involving donors of allegedly suspect blood to be questioned either by written interrogatories, "veiled depositions” or telephone depositions. That court found that it is the actual identity of the donor that was intended to be protected by the statute and it ruled that deposition by oral or written questions was found not to be violative of the donor’s constitutional and/or statutory rights to privacy.
Defendant has legitimate concerns regarding the requested discovery’s effect on donor willingness to donate blood in the future. Defendant suggests that the prospect of later questioning will lead potential donors to conceal important information during the sceening process as well. Borzillieri (supra) dealt with the very same question and found that public policy favors limited discovery. Further, that court found that were was no harm to society’s interest in a plentiful, healthy blood supply by discouraging persons infected with disease from donating blood (at 291). Lastly, that court found that "[p]laintiffs must be permitted to pursue their claims against blood centers to ensure tragedies such as befell [plaintiff] are less likely to occur in the future” (at 291).
Therefore, in the spirit of balancing the legitimate privacy rights of the blood donors and the rights of the plaintiffs to discovery of their claim, this court will allow plaintiffs to submit to the Red Cross a set of written interrogatories, to the Red Cross for transmission to and answer by all donors. If, upon receiving answers to the written interrogatories, plaintiffs seek additional information, plaintiffs may submit a follow-up set of questions. Should this procedure prove to be inadequate, and plaintiffs can then demonstrate to this court cause to reconsider the method of discovery provided for herein, plaintiffs can apply to this court for additional discovery from the donors.
Plaintiffs also seek to have a third set of interrogatories stricken as burdensome, repetitive and unnecessary. It asks that plaintiffs particularize each and every act of negligence plaintiffs allege in their second set of interrogatories. For example, plaintiffs allege that defendant was negligent in failing to adequately investigate posttransfusion hepatitis-B cases. Defendant then asks plaintiffs to "specify and describe how the defendant, Red Cross, was negligent in failing to adequately investigate posttransfusion hepatitis-B cases”, and *917 then to "describe the steps that the Red Cross should have taken to properly investigate posttransfusion hepatitis cases.”
Although plaintiffs need not particularize the manner in which they would reorganize the Red Cross’s procedures, plaintiff should, however, particularize their allegations of negligence. However, plaintiffs need not do so until all the discovery they requested from defendants has been complied with so that such a response is complete.
Defendant, Red Cross, also complains that the expert disclosure of plaintiffs is likewise lacking in specificity and requests that plaintiffs be required to respond more specifically. Plaintiffs are required to respond more specifically but as above, shall not be compelled to do so until such time that all discovery that it has requested has been complete.
Plaintiffs should also provide defendants Red Cross and Buffalo General Hospital with recent authorizations so that defendants may have updated medical information regarding the plaintiff as it has been approximately two years since any new medical has been authorized by plaintiff.